IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMCORE CORPORATION, and ) | |
| JDS UNIPHASE CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 7-326 |
| ) | |
| OPTIUM CORPORATION, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Chief District Judge

**OPINION
AND
ORDER OF COURT**

## I.   INTRODUCTION

Plaintiffs, Emcore Corporation ("Emcore") and JDS Uniphase Corporation ("JDSU") filed the instant patent infringement action against Defendant, Optium Corporation ("Optium") on March 14, 2007, asserting that Defendants accused products infringe on United States Patent No. 6,519,374 ("the '374 patent"). (Docket No. 1). On March 4, 2007, Defendant filed an Answer, Affirmative Defenses and a Counterclaim seeking a declaration of non-infringement and invalidity of the '374 patent. (Docket No. 18). A pre-trial Order was entered on August 11, 2008. (Docket No. 77). Therein, the trial dates were set for October 19-30, 2009. Thus, trial is now imminent.

The scheduling order of January 12, 2009, set the summary judgment deadline for April 29, 2009. (Docket No. 109 at Civil Action No. 7-1683[1]). As contemplated by this Court, a Motion for Summary Judgment was filed by Plaintiffs on April 29, 2009. (Docket No. 79). A Special Master was appointed to rule on the same. (Docket No. 74). After the briefing was complete, on July 24, 2009, the Special Master filed his Report and Recommendation on Plaintiffs' Motion for Summary

---

[1]This case is now consolidated at Civil Action 07-326.

Judgment. (Docket No. 100). The Special Master recommends granting Plaintiffs' Motion for Summary Judgment that: 1) Optium's accused products satisfy the "mixer" and "double-balanced mixer" limitations of the asserted claims; and 2) Optium's accused products infringe the asserted claims of the '374 patent.

On July 30-31, 2009, Optium filed the following motions:

1. Motion for Leave to file Summary Judgment (Docket No. 107);

2. Motion for Leave to File an Amended Answer (Docket No. 108); and

3. Motion in Opposition to Referral of Motion for Summary Judgment Against JDSU to Special Master (Docket No. 109).

Plaintiffs have filed responses in opposition thereto. (Docket Nos. 121, 130, 131). The issues are now ripe for review.

## II.   LEGAL STANDARD

Amendments to pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that after a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Grounds that may justify a denial of leave to amend include "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). "In assessing 'futility,' the district court applies the same standard as applies under Rule 12(b)(6)." *Id*. "Futility means that the amended complaint would fail to state a claim upon which relief could be granted, a determination made under the Fed. R. Civ. P. 12(b)(6) standard of legal insufficiency." *Mid-Atlantic Equip. Corp. v. Cape Country Club,* No. Civ. A. 97-287, 1997 WL 535156, *5 (E.D. Pa. Aug. 8, 1997), *aff'd,* 172 F.3d 860 (3d Cir. 1998), *citing In Re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).

Additionally, Rule 16(b)(4) permits this Court to modify a scheduling order "only for good cause."  Fed. R. Civ. P. 16(b)(4).

### III.     MOTION FOR LEAVE TO FILE AMENDED ANSWERS (Docket No. 108)

The Motion for Leave to Filed Amended Answer seeks leave to assert the "affirmative defense of release, covenant not to sue, and license to Plaintiffs' infringement allegations of patent infringement."  (Docket No. 108-11, p. 2).  I will deal with Defendant's Motion for Leave to File Amended Answers (Docket No. 108) first, as I believe it is the threshold motion.

On July 15, 2009, JDSU and Finisar Corporation ("Finisar"), now Optium's parent corporation, "entered into a Settlement Agreement in connection with litigation between them entitled *Finisar Corporation v. JDSU Corporation,* Case No. 1:09-cv-138610, pending in the Superior Court for Santa Clara County, California."[2]  (Docket No. 108-11, p. 2).  Optium asserts that  that the Settlement Agreement in the California case releases Finisar and its subsidiaries, including Optium, from any right of action that JDSU has for infringement of <u>any</u> patents owned by JDSU.  *Id.* at 3.  As a result, Optium alleges that pursuant to the Settlement Agreement, JDSU has released Optium from the lawsuit pending in this Court.  *Id.*

To that end, Optium submits that the July 15, 2009, Settlement Agreement entered in the California case provides good cause for permitting it to amend its Answer and Affirmative Defenses in this case at this late date (approximately eight weeks from trial).  Furthermore, Optium asserts that there was no undue delay and it did not act in bad faith in filing at such a late date because the Settlement Agreement was just entered into on July 15, 2009.  (Docket No. 108-11, p. 4).  Additionally, Optium summarily argues that the affirmative defenses of release, covenant not to sue, and license are meritorious and not futile.  *Id.* at 5.  I disagree.

---

[2]The *Finisar Corporation v. JDSU Corporation* action included claims for breach of contract, declaratory relief (regarding royalties and termination of license), unjust enrichment, and monies paid.  (Docket No. 108-8, pp. 2-18). It was not an infringement, misappropriation or violation of intellectual property rights case.

To begin with, there is absolutely no evidence that the parties intended to settle and release any claim other than the California case. To the contrary, the affidavit of Jeremiah Chan, the attorney who represented JDSU during the settlement negotiations of California case (Docket No. 130-4, ¶7), indicates that at no time during the negotiation did anyone mention or contemplate that the instant case would be settled as a part of the California settlement. *Id.* at ¶8.

In addition, the Settlement Agreement itself specifically states in the WHEREAS clauses the intent of JDSU and Finisar is to settle the California action only by using the singular tense in referring to "the Litigation."

> WHEREAS, the Parties to this Agreement are parties to a lawsuit entitled Finisar Corporation v. JDS Uniphase Corporation, Case No. 1:09-CV-138610, pending in the Superior Court of the State of California for the County of Santa Clara ("The Litigation");
>
> \*   \*   \*
>
> WHEREAS, the Parties wish to settle all disputes between the Parties relating to the subject matter of this Agreement, including the Litigation involving Finisar and JDSU; and
>
> WHEREAS, the Parties now wish to enter into a definitive agreement including a mutual covenant not to sue and resolving the Litigation, and acknowledge that this Agreement effects said covenant and settlement of all claims.

(Docket No. 108-6, p. 1).

The Settlement Agreement also refers only to the California litigation in the provision relating to the stipulation for dismissal provision.

> ARTICLE 4.   DISMISSAL OF CLAIMS
>
> 4.01   Stipulation and Order of Dismissal. Within three days after the Effective Date, the Parties shall enter into the Stipulation and Order of Dismissal with prejudice, attached hereto as Exhibit A. Such document shall be filed within three business days after the Effective Date. The Parties shall jointly seek entry of such Stipulation and Order of Dismissal in the Superior Court of the State of California for the County of Santa Clara. The Parties shall jointly cooperate in effecting such Stipulation and Order of Dismissal.

(Docket No. 108-6, p. 8). There is no mention in this provision of a stipulation for dismissal of the instant case, nor is one attached as an exhibit to the Settlement Agreement, like the stipulation for

dismissal for the California case. *See, id.* It simply defies belief that the parties represented by counsel intended to settle a patent infringement lawsuit, with trial imminent, without mentioning it in the course of settlement negotiations or in the settlement document itself. Thus, I find that it would be futile to allow amendment of the Answer because the Settlement Agreement does not release Optium from the instant matter.

Furthermore, I find the actions of Optium strongly indicate that it is acting in bad faith. The Settlement Agreement contains a mandatory alternative dispute resolution clause to resolve the disputes concerning it.

> 10.02   Dispute Resolution.  Except as provided in Section 4.01, all disputes or controversies arising out of or in connection with this Agreement, its interpretation, performance, or termination shall be submitted initially to informal dispute resolution....In the event that the Parties are unable to resolve such dispute within thirty (30) days following the first meeting of the Parties, then the dispute shall be submitted to non-binding mediation....If the Parties are unable to resolve the dispute, either informally or by non-binding mediation, the Parties shall submit the dispute to binding arbitration in Santa Clara County, CA....The arbitration award shall be final....

(Docket No. 108-6, p. 14). I agree with Plaintiffs that if Optium believed that the Settlement Agreement applied in this case, Optium should have given notice commencing the dispute resolution process, but it has not.

Additionally, the Settlement Agreement contains a provision requiring the parties, its affiliates and subsidiaries to dismiss any action challenging the validity and/or enforceability of any patent.

> 5.03   Upon the execution of this Agreement, a Party or its Affiliate or Subsidiary who has brought a pending legal action challenging the validity and/or enforceability of any patent or patent application owned or otherwise controlled by the other Party or its Affiliate or Subsidiary and within the scope of Patent Rights shall take appropriate steps to terminate said pending legal action.

(Docket No. 108-6, p. 9). Optium has not sought to terminate its existing counterclaims in the instant action. In fact, Optium seeks to reassert them in its Amended Answer, Affirmative Defense

and Counterclaim. (Docket No. 108-3). Furthermore, Optium has not sought to dismiss the appeal it has taken in Civil Action No. 07-1683 at Docket No. 122. Again, I agree with Plaintiffs that if Optium believed that the Settlement Agreement applied to this case, then it would have taken steps by now to terminate the above, but it has not. These actions/inactions (the failure to follow the dispute resolution provision and the failure to take steps to terminate other legal action) are not the type of conduct you would expect or anticipate from a party that believes in good faith that the Settlement Agreement applies to this case.

Finally, under the circumstances present here, Optium acted in a dilatory manner. While it is true that the Settlement Agreement was not entered into until July 15, 2009, the parties began negotiations in the spring of 2009. (Docket No. 130-4, ¶6). If the parties actually anticipated the Settlement Agreement being signed and applying to this case, then they should have contacted this Court while they were negotiating or immediately thereafter because Optium knew, as of January 12, 2009 (the date of the scheduling order), that the Report and Recommendation of the Special Master on Plaintiffs' Motion for Summary Judgment was due by July 28, 2009 (actually filed on July 24, 2009). I could have extended the deadline for the Special Master and awaited the results of the negotiations. But this did not happen. Finisar sent JDSU a stipulation for dismissal in the instant matter on July 16, 2009. (Docket No. 130-4, ¶12). Yet, Optium did not notify this Court about the settlement negotiations or the eventual settlement until it filed its Motion on July 30, 2009. With trial imminent, I find this to be an undue delay.

Thus, after a review of all of the documents filed in connection with the pending motions, I find that Optium has acted in bad faith in seeking leave to amend its Answer, that Optium did not act with undue delay, and that the affirmative defenses are without merit and futile. As a result, I find that good cause is lacking. Consequently, Optium's Motion for Leave to Amend Answers (Docket No. 108) is denied.

## IV.     MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT (Docket No. 107)

Optium's Motion for Leave to file a Motion for Summary Judgment is contingent upon the granting of leave to file an amended answer asserting the affirmative defense of release and covenant not to sue pursuant to the Settlement Agreement in the California case. (Docket Nos. 107 and 107-6). Since I have denied Optium's Motion for Leave to file an amended answer to assert the affirmative defenses of release and covenant not to sue, the Motion for Leave to File a Motion for Summary Judgment is moot. Therefore, said Motion (Docket No. 107) is denied as moot.

## V.     MOTION IN OPPOSITION TO REFERRAL OF MOTION FOR SUMMARY JUDGMENT TO SPECIAL MASTER (Docket No. 109)

Optium requests that "[i]n the event that the Court grants Optium's contemporaneously filed Motion for Leave to File Its Motion for Summary Judgment Against JDS Uniphase Corporation, Defendant Optium Corporation ("Optium") moves the Court not to refer Optium's contemporaneously filed Motion for Summary Judgment Against JDS Uniphase Corporation ("JDSU") to a Special Master for review." (Docket No. 109). Since I have denied Optium's Motion for Leave to File a Motion for Summary Judgment (*see above*), Optium's Motion in Opposition to Referral of Motion for Summary Judgment to Special Master is moot. Therefore, said Motion (Docket No. 109) is denied as moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMCORE CORPORATION, and<br>JDS UNIPHASE CORPORATION,<br><br>    Plaintiffs,<br><br>    vs.<br><br>OPTIUM CORPORATION,<br><br>    Defendant. | Civil Action No. 7-326 |

AMBROSE, Chief District Judge

## ORDER OF COURT

AND now, this 19th day of August, 2009, after careful consideration of Optium's Motion for Leave to file Summary Judgment (Docket No. 107), Motion for Leave to File an Amended Answer (Docket No. 108); and Motion in Opposition to Referral of Motion for Summary Judgment Against JDSU to Special Master (Docket No. 109) and the related documents, it is ordered as follows:

1. The Motion for Leave to file Summary Judgment (Docket No. 107) is denied as moot;

2. The Motion for Leave to File an Amended Answer (Docket No. 108) is denied; and

3. The Motion in Opposition to Referral of Motion for Summary Judgment Against JDSU to Special Master (Docket No. 109) is denied as moot.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge