IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMCORE CORPORATION,  and )
JDS UNIPHASE CORPORATION, )
       )
      Plaintiffs, )
       )
      vs. )      Civil Action No. 7-326
       )
OPTIUM CORPORATION, )
       )
      Defendant. )


AMBROSE, Chief District Judge

**MEMORANDUM OPINION**

      Defendant, Optium Corporation ("Optium"), filed a Motion *in Limine* to Exclude the following evidence: 1) Evidence of purported damages for lost convoyed sales; 2) Evidence for damages for sales of QAMs prior to Plaintiffs' claims concerning QAMs; 3) Evidence of willful infringement; 4) Evidence of infringement concerning products not accused of infringement during discovery; and 5) Evidence of alleged lost sales by Emcore as a basis for lost profits.  (Docket No. 124).  In opposition, Plaintiffs, Emcore Corporation ("Emcore") and JDS Uniphase Corporation ("JDSU"), generally argue that the Motion should be denied because the arguments go to the weight of the evidence not the admissibility of the same. (Docket No. 142).  I agree with Plaintiffs.

      A motion *in limine* is not the proper procedural vehicle to raise these issues.  A motion *in limine* is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters...prejudicial to the moving party," and the '[p]urpose of such motion is to avoid injection into trial of matters which are irrelevant, inadmissible, and prejudicial...."  Black's Law Dictionary 1013 (6th ed. 1990).  Otherwise stated, the purpose of a motion in limine is "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1069 (3d Cir. 1990), *citing In re*

*Japanese Elec. Prod. Antitrust Lit.,* 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1985). Optium's Motion does not involve evidentiary rulings, or any other type of issue usually considered on an *in limine* basis. Rather, this Motion resembles a motion for summary judgment. *Bradley,* 913 F.2d at 1069 ("[S]ummary judgment motion...is designed to eliminate a trial in cases where there are not genuine issues of fact...."). The time for filing Motions for Summary Judgment has long passed.

For example, Optium first raised the issue of lost convoyed sales in their Motion for Summary Judgment and I denied that motion finding that there remained a genuine issue of material fact. (Docket No. 256 at Case No. 6-1202). Optium believes it has additional evidence that "demonstrates that there is no longer a genuine dispute[d] matter of fact. (Docket No. 127, p. 2). Again, this is a matter for summary judgment, not a motion *in limine*.

Optium's third argument concerning willful infringement asserts that Plaintiffs' evidence regarding the same is "limited." (Docket No. 127, pp. 9-12). Again, this argument goes to weight and is not proper for an *in limine* motion.

Optium requests that I rule that Plaintiffs may not recover damages with respect to QAMs prior to February 23, 2007. (Docket No. 127, pp. 5-6). Plaintiffs do not dispute that they are not entitled to collect damages for the infringement of the '374 Patent prior to February 23, 2007. (Docket No. 142, p. 4). Thus, this request is denied as moot.[1]

Also, with regard to Optium's fourth argument, that evidence of infringement concerning products not accused should be excluded (Docket No. 127, pp. 12-14), Plaintiffs state that they "have no intention of proffering evidence in this lawsuit that Optium's Second Generation XMOD

---

[1]Plaintiffs argue in opposition that Optium is attempting to exclude evidence of sales of QAM transmitters for the purpose of showing lost convoyed sales. (Docket No. 142, pp. 4-5). I do not read Optium's argument to request the same. To the extent that it is, however, I reject that argument as it is an argument for summary judgment, not a motion *in limine.* I have previously ruled that there remains a genuine issue of material fact as to functionality. (Docket No. 256, p. 17 at Docket No. 6-1202).

infringes the patents in suit and seeking damages for that infringement."[2]   Consequently, this argument is denied as moot.

The fifth argument regarding lost sales by Emcore hinges on the argument that Emcore is not an exclusive licensee.  (Docket No. 127, pp. 14-15).  I have already determined via Optium's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 111), that Emcore is an exclusive licensee.  Therefore, this argument is denied as moot.

Consequently, the Motion *in Limine* is denied.

THEREFORE, this 16th day of October, 2009, it is ordered that Defendant's Motion *in Limine* (Docket No. 124) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Judge

---

[2]I note that Plaintiffs acknowledge that they did not accuse Optium's Second Generation XMOD because there was no device made, used or sold during the discovery period and, thus, reserves the right to assert the same in another lawsuit.  (Docket No. 142, pp. 6-7).

Moreover, Plaintiffs reserve the right to introduce such evidence if Optium proffers evidence that its Second Generation XMOD does not infringe Plaintiffs' patents. (Docket No. 142, pp. 6-7).  I will address this issue at trial if it arises.