IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMCORE CORPORATION,  and            )
JDS UNIPHASE CORPORATION,            )
                                     )
        Plaintiffs,                  )
                                     )
        vs.                          )        Civil Action No. 7-326
                                     )
OPTIUM CORPORATION,                  )
                                     )
        Defendant.                   )


AMBROSE, Chief District Judge

### MEMORANDUM OPINION

        Plaintiffs, Emcore Corporation ("Emcore") and JDS Uniphase Corporation ("JDSU") filed a

Motion *in Limine* Barring Testimony Concerning Empirical Tuning.  (Docket No. 128).  Specifically,

Plaintiffs assert that since "this Court has already ruled in its Claim Construction order in the case

previously docketed at 6-1202 that 'empirical tuning' is not part of any of the claim terms at issue

in this litigation, Optium cannot be permitted to present such testimony to the jury and then argue

to them that the claims of the '003 and the '071 Patents exclude devices that are set by 'empirical

tuning.'  To allow the jury to hear such testimony and apply it to these claims would improperly

permit the jury to engage in claim construction.  Accordingly, such evidence is irrelevant and likely

to confuse the jury." (Docket No. 128, p. 1).

        In opposition, Optium argues that Plaintiffs' argument misrepresents the claim construction

order.  (Docket No. 143).  Optium argues that it is not attempting to reopen claims construction but,

rather, is trying to show how the disclaimed subject matter relates to the asserted claims.  Optium

argues that the Special Master found and this Court confirmed that "'[t]he '003 patent's criticism

of empirical tuning, in this context, amounts to a disavowal of empirical tuning,' and that 'Emcore's

patent cannot be reasonably viewed as covering that method when so explicitly distinguished.'"

(Docket No. 143, p. 1, *citing,* Docket No. 76 at Civil Action No. 6-1202).

Specifically, in construing the term "optimum SBS suppression," the Special Master discussed the argument by Optium that the term should include a parenthetical "(as opposed to by empirically tuning)." (Civil Action No. 6-1202 at Docket No. 76-1, p. 50 through Docket No. 76-2, pp. 1-4). In so doing, the Special Master stated the following:

> [T]he present invention does not improve empirical tuning by resolving the drawbacks of that approach, but rather discloses a computational method of tuning for using in place of laboratory testing.  The '003 patent's criticism of empirical tuning, in this context, amounts to a disavowal of empirical tuning.
>
> *          *          *
>
> As noted above, the patents' discussion of empirical tuning is not limited to general statements in the "Background" section of the patents-in-suit.  Rather, the patentees described their invention in contradistinction to empirical tuning in the "Detailed Description of the Invention," devoting a paragraph to explaining the full scope of the distinction in a particularized way.  Emcore's patent cannot be reasonably viewed as covering that method when so explicitly distinguished.  As opposed to empirical tuning, which involved laboratory trial-and-error using "coarse" tuners, the patentees here describe a method of mathematically determining optimum operating points, and disclose relatively "finer" tuners capable of adjusting to those points."

(Civil Action No. 6-1202 at Docket No. 76-2, p. 3).  Nevertheless, the term was defined as follows: "The term 'optimum SBS suppression' means the most advantageous level of SBS suppression for the system."  *Id.* at p. 4.  I adopted the Report and Recommendation of the Special Master. (Civil Action No. 6-1202, at Docket No. 86).

While I am not inclined to permit evidence that is inconsistent with the construction of the claim terms, Optium may, however, present evidence that their accused product falls within the range of devices disavowed in the patents-in-suit.  *See, Honeywell International, Inc v. ITT Industries, Inc.,* 452 F.3d 1312 (Fed. Cir. 2006); *Revolution Eyewear, Inc., v. Aspex Eyewear, Inc.,* 563 F.3d 1358 (Fed. Cir. 2009).  Consequently, the motion is denied.

THEREFORE, this 16th day of October, 2009, it is ordered that Plaintiffs' Motion *in Limine*

*Limine* Barring Testimony Concerning Empirical Tuning (Docket No. 128) is denied.


BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Judge