IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMCORE CORPORATION, and ) | |
| JDS UNIPHASE CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 7-326 |
| ) | |
| OPTIUM CORPORATION, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Chief District Judge

### **MEMORANDUM OPINION**

Plaintiffs, Emcore Corporation ("Emcore") and JDS Uniphase Corporation ("JDSU") filed a Motion *in Limine* to Exclude Affirmative Defenses and Prior Art That Were Not Timely Disclosed. (Docket No. 185). Specifically, Plaintiffs seek an order seeking to preclude the following evidence that Plaintiffs assert was disclosed for the first time on September 18, 2009 (thirty-one days prior to trial) in Defendant's, Optium Corporation ("Optium"),Preliminary Notice Pursuant to 35 U.S.C. §282 (Docket No. 186-2): "1) all previously undisclosed information and affirmative defenses set forth for the first time in Optium's Section 282 Notice ("Notice"); 2) the Prisma I device, which the Court previously explicitly excluded due to its untimely disclosure; and 3) all information listed only on the "materials reviewed" sections in the Hall and Roberge reports that are now being asserted as prior art in the Notice, even though Hall and Roberge never opined on these references or discussed them in any detail in their respective reports. (Docket No. 185, p. 1).

In response, Optium first addresses the Prisma I device. (Docket No. 188, pp. 1-6). Therefore, I will address that issue first as well. Optium's Notice states that it may rely on the "Public use and/or sale of the JDSU Prisma I transmitter" at trial. (Docket No. 186-2, p. 10). Plaintiffs argue that because Optium did not raise a defense of public use or sale in any of its

contentions under the Local Patent Rules ("LPRs"), and because no other document or evidence is cited to support this defense in the Notice, Optium should not be permitted to present any such defense at trial.  (Docket No. 186, p. 9).  Moreover, Plaintiffs argue that the Notice of the Prisma I ignores this Court's November 29, 2007, Order that struck the supplemental report of Dr. Katherine Hall wherein she discussed the Prisma I as prior art.  (Docket No. 186, p. 9-10).

Local Patent Rules require a party opposing a claim of patent infringement to initially disclose "[a] copy of each item of prior art, of which the opposing party is aware, that allegedly anticipates each asserted patent and its related claims or renders them obvious."  L.P.R. 3.1.  Additionally, in its non-infringement and/or invalidity contentions, due 45 days after the initial scheduling conference, it must identify "each item of prior art that allegedly anticipates each asserted claim or renders it obvious."  L.P.R. 3.4.  Whereas, Section 282 provides in relevant part as follows:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Court of Federal Claims, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

35 U.S.C.A. § 282.  Clearly, the Local Rules, with the more strict deadlines, dictate over the default time frame established under §282.

Additionally, Optium has not cited to any case, nor have I found any case, that suggests "state of the art" does not mean state of the prior art.  Moreover, "state of the art" is a subset of prior art.  The Local Patent Rules set forth clearly when prior art is to be disclosed and, in this case, that was over two years ago for the '003 and '007 patents.  *See,* L.P.R. 3.1 and 3.4; *see also,* Docket No. 54 of Civil Action 6-1202 (requiring an Amended Non-Infringement and Invalidity

Contention by March 21, 2007).  Optium is well aware that the failure to comply with the local rules and the spirit of the local rules is not looked upon favorably by this Court.  *See,* Docket No. 176, at Civil Action No. 6-1202 (striking Dr. Hall Supplemental Expert Report); and Docket No. 132, at Civil Action No. 6-1202 (denying a Motion for Leave to file an Amended Answer, Affirmative Defense, and Counterclaim); Docket No. 54 at Civil Action No. 6-1202 (Order compelling an Amended Non-Infringement and Invalidity Contentions with the specific information required by L.P.R. 3.2 and 3.4).

I am not persuaded by Optium's argument that Optium is not using the public use and/or sale of the Prisma I Transmitter as a prior art reference.  The reason given by Optium was that it "is independently relevant to show among other things, the development of the optical data transmission field, the personal involvement of various witnesses in the field, 'the state of the art' at the time the patents-in-suit were filed (which is expressly required to be disclosed pursuant to 35 U.S.C. §282) and that Optium's Second XMOD Transmitter (which is a non-accused product in this action) operates in the same manner as the Prisma I Transmitter."  (Docket No. 188, p. 2).  With the exception of the Second XMOD Transmitter, the reasons all go to prior art and obviousness, which go to invalidity.  With regard to the Second XMOD Transmitter, I am not sure why it is relevant to show that the Second XMOD Transmitter operates in the same manner as the Prisma I Transmitter.[1]

Consequently, I find that Optium was required to disclose the public use and/or sale of the JDSU Prisma I Transmitter in its initial disclosures and its Non-Infringement and Invalidity Contentions.  The failure to do so until 31 days prior to trial is in complete contravention to the Local Patent Rules.

---

[1] As Optium notes, the Second XMOD Transmitter is not an accused product in this law suit.  Even if it were, however, to show infringement it would have to compare the Second XMOD Transmitters to the patents-in-suit, not the Prisma I Transmitter.

Therefore, Plaintiffs' Motion to Exclude All Evidence of the Prisma I Transmitter as prior art as listed in the §282 Notice, including documents and witnesses, is granted.

The next overriding argument by Optium is that the evidence disclosed in its §282 Notice is intended to show only the "state of the art" and not prior art, which would exempt it from disclosure under Local Patent Rules 3.1 and 3.4. As set forth above, I do not find this argument persuasive. It is not up to a party to decide if and/or when it would like to comply with the Local Patent Rules. If Optium intended to use publications/documents to establish the state of the prior art, then it was required to disclose them over two years ago.

Plaintiffs also request that the publication by W. I. Way be excluded because it was not previously disclosed. (Docket No. 186, p. 8). Optium counters by indicating that it was previously disclosed in Dr. Hall's second expert report. (Docket No. 188, p. 7). I am not certain if the second expert report of Dr. Hall was the report that was stricken or not. To the extent that it was the report that was stricken, then the publication shall be excluded.

Finally, Plaintiffs seek to exclude materials referenced by experts Hall and Roberge that were not identified as prior art, but merely listed in the bibliographies or lists of materials reviewed appended to the experts' reports. (Docket No. 186, pp. 10-14). With regard to Dr. Hall, Plaintiffs seek to exclude 33 references in her report because they were not substantively discussed therein. *See,* Docket No. 186, pp. 10-13. I find this argument unpersuasive. These references were listed in the expert report of Dr. Hall which were provided to Plaintiffs. Therefore, said documents will not be excluded.

With regard to Dr. Roberge, Plaintiffs seek to exclude seven references and "numerous pieces of prior art that had not been previously disclosed in Optium's Contentions." (Docket No. 186, pp. 13-14). Plaintiffs state that "Optium might be permitted to amend its Contentions to include them" because they had the opportunity to examine Dr. Roberge about the same at his deposition. (Docket No. 186, p. 14). In response, Optium argues that the references were

4

discussed within the report and thus Plaintiffs had adequate notice, but to cure any deficiencies, Optium contemporaneously filed a Motion for Leave to File Supplemental LPR 3.4 Invalidity Contentions.  (Docket No. 187).  In response to the Motion for Leave, Plaintiffs now object based on timeliness.  After consideration of the same, I will permit Optium to Amend its invalidity contentions only as it relates to Dr. Roberge.

THEREFORE, this 16th day of October, 2009, the Plaintiff's Motion *in Limine* to Exclude Affirmative Defenses and Prior Art That Were Not Timely Disclosed  (Docket No. 185) is granted in part and denied in part as set forth above.

It is further ordered that Optium's Motion for Leave to File Supplemental LPR 3.4 Invalidity Contentions (Docket No. 187) is granted.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge