IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMCORE CORPORATION,  and )
JDS UNIPHASE CORPORATION, )
  )
     Plaintiffs, )
  )
     vs. )    Civil Action No. 7-326
  )
OPTIUM CORPORATION, )
  )
     Defendant. )

AMBROSE, District Judge

**<u>MEMORANDUM ORDER OF COURT</u>**

Plaintiffs have filed a Motion for Entry of a Permanent Injunction.  (Docket No. [275]).  "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court...."  *eBay, Inc. v. MercExchange, L.L.C.,*  547 U.S. 388, 391 (2006).  There is no dispute that the four-factor test for injunctive relief set for in *eBay, Inc.* applies to this case.  Thus, Plaintiffs must demonstrate the following:

    (1)    that it has suffered an irreparable injury;

    (2)    that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

    (3)    that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

    (4)    that the public interest would not be disserved by a permanent injunction.

*Id.*

Plaintiffs assert that they will suffer irreparable injury if a permanent injunction does not issue since it has already proven that Optium's ExMods and QAMs infringe, because Emcore and Optium are direct competitors, and because Emcore will continue to lose significant profits and lose market share.  (Docket No. 276, pp. 3-5)  Under the facts of this case, I do not find that Plaintiffs

have shown that these concerns amount to irreparable injury.  The parties are direct competitors, but there is no evidence that Emcore will continue to lose significant profits and market share. Furthermore, as Plaintiffs themselves point out, there is no longer a presumption that patent infringement causes an irreparable injury.

Additionally, in response, Optium points out that it stopped selling the ExMods on January 28, 2008 and the QAMs on July 31, 2008.  Further, it is selling a second generation version of the products that were accused in this case.  Notably, the second generation transmitters have not been accused of infringing the patents.  While it is true that there was evidence that the changes made in the second generation transmitters were not onerous, I am not persuaded that a permanent injunction is warranted.  The accused devise is no longer on the market.  As a result, I find no cognizable danger of a recurrent violation.  Therefore, this factor weighs against granting permanent injunctive relief.

Plaintiffs next argue that the monetary damages are inadequate to compensate Emcore for infringement by Optium.  (Docket No. 276, p. 5).  "Permitting Optium to continue infringing the patents in suit with an award of monetary damages to Emcore would destroy the exclusivity of Emcore's license and improperly deprive Emcore of its statutory right to exclude others from the patented invention."  *Id.*  As set forth above, however, Optium is no longer selling the accused products and has not for a while.  Thus, I do not find a sincere risk of  future infringement.  Optium has replaced the accused products with a different generation product that has not been accused of infringement.  Thus, the damages in this case have been adequately assessed by the jury. Thus, this factor weighs against granting permanent injunctive relief.

Under the balancing of hardships factor, Plaintiffs argue that they will suffer the greater hardship because they would have great difficulty in detecting any return by Optium to its infringing designs.  (Docket No. 276, p. 6).  On the other hand, Plaintiffs suggest that Optium would suffer minimal hardship because its products are already redesigned.  *Id.*  While it is true that Plaintiffs

may have difficulty in detecting a return by Optium to its infringing design, I fail to see how issuing an injunction would lessen the hardship of detection.  I find that this factor does not weigh in any party's favor.

Finally, Plaintiffs argue that the public interest will be served by enjoining Optium because the public has a strong interest in honoring the finding by the jury that the EXMod and QAM transmitters infringe the patents in suit.  (Docket No. 276, pp. 6-7).  Furthermore, Plaintiffs assert that they are capable of meeting any need or demand caused by the injunctions, even if Optium were out of the market entirely.  In response, Optium asserts that the public interest is not served by issuing an injunction against products that have not been on the market for over a year and that have been replaced by second generation products that are not accused of infringement.  (Docket No. 228, pp. 8-9).  Considering this factor, I find that Plaintiffs have failed to show that the public interest factor weighs in its favor.

Balancing the factors together, I find that permanent injunctive relief is not warranted.

THEREFORE, this 15th day of January, 2010, Plaintiffs' Motion for Entry of a Permanent Injunction (Docket No. [275]) is denied.