IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMCORE CORPORATION,  and ) <br> JDS UNIPHASE CORPORATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> OPTIUM CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 7-326 |

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

Plaintiffs have filed a Motion for Award of Pre- and Post-Judgment Interest.  (Docket No. [277]).   Optium does not contest that Plaintiffs are entitled to prejudgment and post-judgment interest under 35 U.S.C. §284.  (Docket No. 290, p. 1).  It does, however, contest the calculation of both prejudgment and post-judgment interest.  *Id.*  With regard to prejudgment interest, Plaintiffs request I use a prime rate compounded quarterly and Optium argues that it should be guided by the treasury bill rate set forth in 28 U.S.C. §1961, compounded quarterly.  (Docket No. 290, pp. 1-6).

The Supreme Court has noted that an award of pre-judgment interest is intended to make the patent owner whole:

> The standard governing the award of prejudgment interest under § 284 should be consistent with Congress' overriding purpose of affording patent owners complete compensation.

*General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 655-56 (1983).  An award of prejudgment interest is meant to compensate the patentee for the lost use of income that was legally the patentees.   The rates suggested by the parties both have been used by the courts.  *See, Laitram Corp. v. NEC Corp.,* 115 F.3d 947, 955 (Fed. Cir. 1997) (applying the T-Bill rate) and *Uniroyal, Inc.*

*v. Rudkin Wiley Corp,* 939 F.2d 1540 (Fed. Cir. 1991) (applying the prime rate).

In this case, Plaintiffs have not put forth any evidence that it borrowed money during the infringement period, let alone at the prime rate. While a patentee need not demonstrate that it borrowed at the prime rate to be entitled to prejudgment interest at that rate; I find that where there is no evidence that the patent owner had to borrow at all, and where there is evidence of an investment rate that will sufficiently compensate the Plaintiffs, the more prudent approach is to utilize the investment rate. *See Laitram Corp.*, 115 F.3d at 955 (affirming use of T-Bill rate absent evidence that the patent owner "borrowed money at a higher rate, what that rate was, or that there was a causal connection between any borrowing and the loss of the use of the money awarded as a result of [defendant's] infringement").

Therefore, prejudgment interest will be applied at the Treasury Bill rate, compounded quarterly. In applying this calculation, Emcore is entitled to prejudgment interest in the amount of $126,288. (Docket No. 291 at ¶¶ 4 and 7).

With regard to post-judgment interest, Optium does not contest that Emcore is entitled to post-judgment interest pursuant to 28 U.S.C. §1961; however, in the event this Court awards enhanced damages, it requests that post-judgment interest should not apply to the enhanced portion because enhanced damages are designed to punish the defendant, not compensate the Plaintiffs. (Docket NO. 290, pp. 6-7). Plaintiffs simply request post-judgment interest on the entire amount of the judgment. In their Reply, Plaintiffs do not contest Optium's position that the post-judgment interest should not apply to the enhanced damages. *See,* Docket No. 296. As a result, post-judgment interest shall not apply to any enhanced damages.

THEREFORE, this 15th day of January, 2010, Plaintiffs' Motion for Award of Pre- and Post-Judgment Interest  (Docket No. [277]) is granted with the conditions stated above. Thus, prejudgment interest in the amount of $126,288.00 is awarded to Plaintiffs and post-judgment interest shall accrue in accordance with 28 U.S.C. §1961 from November 13, 2009 until paid, but

shall not apply to any enhanced damages.

                        BY THE COURT:

                        /s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States District Judge