IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMCORE CORPORATION, and ) <br> JDS UNIPHASE CORPORATION, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> OPTIUM CORPORATION, ) <br>   ) <br> Defendant. ) | Civil Action No. 7-326 |

AMBROSE, District Judge

## MEMORANDUM ORDER OF COURT

Plaintiffs have filed a Motion for an Award of Enhanced Damages and Attorneys' Fees. (Docket No. [279]).  The Motion is based on "the jury's finding of willful infringement as well as the conduct of Defendant Optium Corporation ("Optium") that unreasonably prolonged this litigation...." (Docket No. 280, p. 1).  I will address the issues of enhanced damages and attorneys' fees separately.

### I.  Enhanced Damages

In patent cases, a district "court may increase the damages up to three times the amount found or assessed." 35 U.S.C. §284.  Enhanced damages are punitive in nature meant to penalize a willful infringer for its increased culpability.  *Mass Engineered Design, Inc. v. Ergotron, Inc.,* 633 F.Supp.2d 361, 390 (E.D. Tex. 2009).  Plaintiffs request that I enhance the damages "by a factor at least approaching the full treble damages authorized by 35 U.S.C. §284." (Docket No. 280, p. 8).

> An award of enhanced damages for infringement, as well as the extent of the enhancement, is committed to the discretion of the trial court. While no statutory standard dictates the circumstances under which the district court may exercise its discretion, this court has approved such awards where the infringer acted in wanton disregard of the patentee's patent rights, that is, where the infringement is willful.

> On the other hand, a finding of willful infringement does not mandate that damages be enhanced, much less mandate treble damages.
>
> The paramount determination in deciding to grant enhancement and the amount thereof is the egregiousness of the defendant's conduct based on all the facts and circumstances. The court must consider factors that render defendant's conduct more culpable, as well as factors that are mitigating or ameliorating.

*Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992), *abrogated in part on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir.1995) (en banc) (citations omitted). Thus, " while willful infringement may allow enhanced damages, such a finding does not compel the district court to grant them. Instead, the decision to grant or deny enhanced damages remains firmly within the scope of the district court's reasoned discretion, informed by the totality of the circumstances." *Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259, 1274 (Fed. Cir. 1999) (citations omitted).

The Federal Circuit has found nine factors to consider in determining whether to enhance damages. *Id.* at 826-828.

(1) Whether the infringer deliberately copied the ideas or design of another;

(2) Whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed;

(3) The infringer's behavior as a party to the litigation;

(4) Defendant's size and financial condition;

(5) Closeness of the case;

(6) Duration of defendant's misconduct;

(7) Remedial action by the defendant;

(8) Defendant's motivation for harm; and

(9) Whether defendant attempted to conceal its misconduct.

*Read Corp.*, 970 F.2d at 827-828. These "factors taken together assist the trial court in evaluating the degree of the infringer's culpability and in determining whether to exercise its discretion to

2

award enhanced damages and how much the damages should be increased." *Id.* at 828.  I will review the factors.

With regard to the first factor, whether the infringer deliberately copied the ideas or design of another, I find there is circumstantial evidence that Optium copied the design from Uniphase, but no direct evidence. Thus, this is factor is neutral.

With regard to the second factor, whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed, Optium argues that it is legally irrelevant in light of *Seagate's* abrogation of the duty of due care. (Docket No. 302, p. 12).  As the Federal Circuit has pointed out, this position is incorrect.  *See, i4i Ltd Partnership v. Microsoft Corp.,* No. 2009-1504, 2009 WL 4911950, *20 (Fed. Cir. Dec. 22, 2009)("[T]he standard for deciding whether-and by how much-to enhance damages is set forth in *Read*, not *Seagate*.").  It is clear from the evidence that Optium had knowledge of the Logan and Li patents.  There was no evidence that there was any investigation into the scope of them directly.  Thus, this factor weighs in favor of enhancement.

Under the third factor, Optium's behavior as a party to the litigation, Plaintiffs argue that the following all favor enhancement: 1) this court has already found that Optium's pretrial motions were in bad faith; 2) the trial was unnecessary; and 3) Optium's tardy assertion of an inequitable conduct defense spawned a second useless lawsuit. (Docket No. 280 p. 6).  In response, Optium argues that its conduct in this litigation was nothing more than properly defending itself against claims of infringement. (Docket No. 302, p. 13).  With regard to the pretrial motion and the spawned lawsuit, the Court considered, ruled on, and provided remedies for those instances.  Optium's defenses and claims were valid and, with the exception of one motion which was dealt with, I do not find that the litigation was defended in anything but good faith.  This was a close case that was vigorously and zealously pursued by counsel on both sides.  With regard to the necessity of the trial, I disagree with Plaintiffs that Optium's conduct made a trial necessary when one should not have been.  Thus,

this factor does not tip in favor of enhancement.

With regard to the fourth factor, Defendant's size and financial condition, Plaintiffs attach the most recent annual report of Finisar Corporation, Optium's parent now, and suggest that Finisar's gross profits were in excess of $168 million during the fiscal year ending April 30, 2009. (Docket No. 280, p. 6, Ex. 2 at 39).  In response, Optium argues that the size of Finisar is irrelevant since it did not manufacture, use, or sell the accused transmitters and did not acquire Optium until after the damages period relevant here. (Docket No. 302, p. 13). After consideration of the same, I agree with Optium that I should be viewing the size relative to Optium, the accused infringer, not Finisar. Thus, the information provided in the attached exhibit is not helpful in determining this factor.  There is no evidence of whether an enhanced award would impair Optium's financial well-being.  Thus, I find that this factor is neutral.

With regard to the fifth factor, closeness of the case, Plaintiffs argue that this case was far from close. (Docket No. 280, p. 6).  Optium argues the opposite. (Docket No. 302, pp. 13-14). Simply because Plaintiffs won does not mean this case was not close.  I agree with Optium that this was a close case on all issues, including willfulness.  This was hard fought and heavily contested up to and throughout trial.  Both sides elicited testimony from experts to support their positions, which provided both viable and credible alternatives to the jury for deliberations.  Optium presented a good faith defense against willfulness and a substantial challenge to infringement.  It was very close.   Therefore, I find that this case does not weigh in favor of enhancement.

With regard to the sixth factor, duration of the defendant's misconduct, Plaintiffs argue that I should consider the time that it alleges Optium first infringed, October 2005 until January of 2008, when it altered the accused transmitters. (Docket No. 280, p. 7). In response, Optium argues that the starting date should be September 2006, when it first became aware of Plaintiff's infringement allegations. (Docket No. 302, p. 14).  Further, Optium argues that the end date should be July 2007, when it redesigned the accused transmitter.  I disagree with both, I believe the starting period

is September 11, 2006 and the end period is January 28, 2008, as was set forth in the verdict form submitted to the jury. (Docket No. 280, Question No. 8). I find this sixteen month period in this case does not favor enhancement.

With regard to the seventh factor, remedial action by the defendant, Optium ceased manufacturing the accused transmitters during the pendency of this litigation. Thus, this factor weighs against enhancement.

With regard to the eighth factor, defendant's motivation for harm, Plaintiffs argue that Optium was determined to take away Scientific Atlanta business from JDSU, a customer that Mr. Gertel and Mr. Colyar had serviced while employed at JDSU. (Docket No. 280, p. 7). Optium responds by stating that it had no motivation to harm Plaintiffs but rather was approached by Scientific Atlanta to make an ExMod transmitter because it was dissatisfied with its then current product, such that its motivation was to satisfy a request from one of its largest customers. (Docket No. 302, p. 15). A defendant's motivation for infringement may weigh against the enhancement of damages where the Defendant was influenced by such economic pressures as customer satisfaction. *Read*, 970 F.2d at 827 (*citing and quoting American Safety Table Co. v. Schreiber*, 415 F.2d 373, 379 (2d Cir.1969) *cert. denied*, 396 U.S. 1038 (1970)). Based on the same I find that Optium's motivation cannot be said to be pernicious. Therefore, this factor does not weigh in favor of enhancement.

Finally, with regard to the ninth factor, whether the defendant attempted to conceal its misconduct, Plaintiffs argue that Optium never produced a transmitter, but because they never sought court intervention to obtain one in discovery, Plaintiffs suggest that this factor is neutral. (Docket No. 280, p. 8). In response, Optium asserts that Plaintiffs' position is a total fabrication and that it sold and shipped an accused transmitter to Plaintiffs' trial counsel, Jones Day, on June 19, 2007. (Docket No. 301, pp. 15-16, Ex. 14 and 15). Based on the same, I am not convinced that Optium attempted to conceal its product. Thus, I find that this factor does not favor enhancement.

5

Most of these factors weigh against, or are neutral toward, a finding of enhanced damages in this case. This was a close case. Thus, after considering the totality of the circumstances presented, and for the reasons stated above, I find that this is not a case that warrants enhanced damages.

## II.     Attorneys' Fees

As a threshold matter, I address Optium's argument that the motion for attorneys' fees is untimely. (Docket No. 302, p, 17). In response, Plaintiffs argue that their Motion is early since the time to start the clock running for an attorneys fee motion has not yet begun since there has not been a final appealable judgment yet under Rule 54 for the Federal Rules of Civil Procedure. (Docket No. 309, pp. 3-5). It does not matter who is correct because even if Optium is correct that the time started to run on November 13, 2009, when judgment was entered, Plaintiffs' Motion is still timely. According to Rule 6(d) of the Federal Rules of Civil Procedure, when service is made by electronic filing in accordance with Rule 5(E), "3 days are added after the period would otherwise expire under Rule 6(a)." According to Optium, under Rule 6(a), Plaintiffs had until November 27, 2009, to file their Motion. (Docket No. 302, p. 17). Adding three days to that, in accordance with Rule 6(d), would be November 30, 2009. The Motion was filed on November 30, 2009. Therefore, the Motion is not untimely.

Next, I consider whether attorneys fees are appropriate in this case. Based on my reasoning below, despite the jury finding of willfulness, I find that this is not an exceptional case warranting attorneys fees.

Section 285 of the patent statutes provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C.A. § 285. Exceptional cases include: "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise

bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002) (citation omitted). Thus, "[a] finding of willfulness authorizes, but does not require, enhanced damages. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997). The award of attorneys' fees is within the sound discretion of the trial court. *Brooktree Corp. v. Advanced Micro Devices, Inc.,* 977 F.2d 1555, 1582 (Fed. Cir. 1992). "[T]he exceptional nature of the case must be established by clear and convincing evidence." *Cambridge Prods., Ltd. v. Penn Nutrients, Inc*., 962 F.2d 1048, 1050 (Fed. Cir. 1992).

The statutory purpose of an award of attorneys fees is to reach cases where the interest of justice warrants fee-shifting. *Id.* Although Plaintiffs argue to the contrary, this is not such a case. In this court's opinion, Optium strongly advocated its position and presented good faith defenses against willfulness and infringement. Moreover, the closeness of the question of willfulness and infringement is paramount. With the exception of one motion brought by Optium (which I dealt with prior to trial), there was no evidence of litigation misconduct, vexatious, unjustified or otherwise bad faith litigation, of inequitable conduct before the PTO, or of a frivolous lawsuit. This was zealously litigated. Neither side unreasonably prolonged the litigation. Based on my review above, I am not convinced, by clear and convincing evidence, that this case is exceptional so as to justify an award of attorney's fees. There was nothing exceptional about this case. Therefore, attorneys's fees are not warranted.

THEREFORE, this 15th day of January, 2010, Plaintiffs' Motion for an Award of Enhanced Damages and Attorneys' Fees. (Docket No. [279]) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge